**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-11119**
**Summary Calendar**

_____

**CHAUNCY C. BRANDOM; ROCHELLE SIVERSTON BRANDOM,**

**Plaintiffs-Appellants,**

**versus**

**GULF COAST BANK AND TRUST COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:00-CV-1342-G)**

_____
April 16, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is the scope of the arbitration clause contained in a promissory note executed by Chauncy C. Brandom and Rochelle Siverston Brandom and payable to Gulf Coast Bank and Trust Company (the Note). The Brandoms contest the district court's dismissal of the action without prejudice, in the light of its conclusion that the arbitration clause controlled.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In June 1993, the Brandoms executed the Note in the original principal amount of $18,460. The Note contained an arbitration clause which stated the parties

> agree[d] that *all* disputes, claims and controversies between [them], whether individual, joint, or class in nature, *arising from this Note or otherwise*, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party.

(Emphasis added.)

After several years of timely payments on the Note, the Brandoms defaulted and, in June 1998, offered to settle the remaining $18,253 with Gulf Coast for $10,000. Gulf Coast agreed, accepted the payment, and notified the Brandoms the account had been "PAID/SETTLED IN FULL".

In April 1999, the Brandoms sought to buy a new home. While meeting with the mortgage lender, they learned Gulf Coast had reported to credit reporting agencies that a loan to the Brandoms with a $13,080 balance had been charged off. By reporting this information, Gulf Coast allegedly severely damaged the Brandoms' credit. They sued Gulf Coast for, *inter alia*, libel, intentional interference with contract, breach of contract, and violations of the Texas Deceptive Trade Practices Act and the Texas Debt Collection Act. The district court granted Gulf Coast's motion to compel arbitration and dismissed the action without prejudice.

A district court order compelling arbitration and dismissing a party's underlying claims is immediately appealable because it is a "final decision with respect to an arbitration" within the meaning of the Federal Arbitration Act. *See* **Green Tree Fin. Corp.-Ala. v. Randolph**, 121 S. Ct. 513, 519-20 (2000) (citing 9 U.S.C. § 16(a)(3)). The grant or denial of a motion to compel arbitration is reviewed *de novo*. *See* **Webb v. Investacorp, Inc.**, 89 F.3d 252, 257 (5th Cir. 1996).

There is, of course, a "liberal federal policy favoring arbitration". **Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.**, 460 U.S. 1, 24 (1983). Therefore, a motion to compel arbitration under an arbitration clause "should *not* be denied unless it may be said with positive assurance that the arbitration clause is *not* susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage". **United Steelworkers of America v. Warrior & Gulf Navigation Co.**, 363 U.S. 574, 582-83 (1960) (emphasis added); *see* **Neal v. Hardee's Food Sys., Inc.**, 918 F.2d 34, 37 (5th Cir. 1990). "[T]he basic objective in this area is not to resolve disputes in the quickest manner possible, no matter what the parties' wishes, but to ensure that commercial arbitration agreements, like other contracts, are enforced according to their terms, and according to the intentions of the parties". **First Options of Chicago, Inc. v. Kaplan**, 514

3

U.S. 938, 947 (1995) (internal quotation marks and citation omitted).

The Note's arbitration clause encompasses "all disputes ... arising from this Note or otherwise, including without limitation contract and tort disputes". Both the Supreme Court and our court have charactered such clauses as "capable of expansive reach". *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397-98 (1967)). Broad arbitration clauses, like the one at issue, "are *not* limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a *significant relationship* to the contract regardless of the label attached to the dispute". *Id.* (emphasis added). As the Supreme Court has explained, the "presumption in favor of postexpiration arbitration of matters unless negated expressly or by clear implication [is] limited by the vital qualification that arbitration [be] of matters and disputes arising out of the relation governed by the contract". *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991) (internal quotation marks omitted).

The Brandoms maintain their claims do *not* fall within the scope of the arbitration clause because, under *Litton*, an arbitration clause applies to claims arising after the expiration of an arbitration agreement *only* if the parties expressly included

4

post-expiration disputes within the agreement or if the claims fall within three exceptions: disputes arising before expiration, or involving infringement of a right vested under the agreement, or surviving the agreement under contract principles. *See* **Litton**, 501 U.S. at 205-06. The Brandoms maintain their claims arose *after* the Note was paid in full and *no* exception applies.

The phrase "arising from the note *or otherwise*" suggests that the arbitration clause extended beyond the settlement of the Note (emphasis added), and "ambiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration", **Mastrobuono v. Shearson Lehman Hutton, Inc.**, 514 U.S. 52, 62 (1995). In the alternative, the first **Litton** exception applies: because the dispute arises out of Gulf Coast's description of the settlement of the Note, it "involves facts and occurrences that arose before expiration". **Litton**, 501 U.S. at 206. Because the dispute arises out of the contractual relationship and had a significant relationship to the contract, it is subject to the arbitration clause.

*AFFIRMED*